**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

-----------------------------------------------------------------x
THE STANDARD FIRE INSURANCE COMPANY
a/s/o Gold Coast Cruising Corp. and
Dewey Lynch,

CIVIL ACTION

IN ADMIRALTY

        Plaintiff,

  - against -

No. 05-cv-

DELMARVA TOWING & SALVAGE

        Defendant.
-----------------------------------------------------------------x

## COMPLAINT

Plaintiff, The Standard Fire Insurance Company a/s/o Gold Coast Cruising Corp. and Dewey Lynch, by and through its attorneys, PALMER BIEZUP & HENDERSON LLP, as and for its Complaint herein, alleges upon information and belief as follows:

### JURISDICTION

1. All and singular the following premises are true and constitute an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court, pursuant to 28 U.S.C. § 1333.

2. This Court also has jurisdiction over this case pursuant to its Supplemental jurisdiction, 28 U.S.C. § 1367.

PBH: 174904.1

3. Venue in this district is proper under 28 U.S.C. § 1391 and the general maritime law.

**THE PARTIES**

4. Plaintiff The Standard Fire Insurance Company (hereinafter "Plaintiff") is and was at all times hereinafter mentioned a corporation organized and existing under and by virtue of the laws of one of the states of the United States, with an office and place of business at One Tower Square, Hartford, Connecticut 06183.

5. Plaintiff has paid the owner of the motor vessel "LOVE AFFAIR" (more fully described herein) pursuant to its marine hull and machinery insurance policy No. "946390501" for damages sustained to the "LOVE AFFAIR" stemming from an incident occurring on August 2, 2004, as more fully described herein, and Plaintiff is fully subrogated to all rights of said owner of said vessel. Plaintiff brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties who may be or become interested in said vessel, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

6. Plaintiff's subrogor, Gold Coast Cruising Corp., is and was at all times hereinafter mentioned a corporation organized and existing under and by virtue of the laws of one of the states of the United States, with an office and place of business at 404 Milford/Harrington Highway, Milford, Delaware 19963.

7. Plaintiff's subrogor, Dewey Lynch, is and was at all times hereinafter mentioned an individual residing at 30841 Oak Crest Drive, Lewes, Delaware 19958.

8. The defendant, Delmarva Towing & Salvage (hereinafter "Defendant" or "Delmarva Towing") is a corporation or other business entity organized and existing pursuant to the laws of one

of the states of the United States, with an office and place of business located at 25 Railway Road, Millville, Delaware 19970. At all relevant times, Delmarva Towing held itself out as a public marine salvor for hire, providing professional marine salvage and towing services for a fee.

### FIRST CAUSE OF ACTION - NEGLIGENCE

9. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "8" hereof, with the same force and effect as if fully restated at length herein.

10. Plaintiff's subrogors, Gold Coast Cruising Corp. and Dewey Lynch, at all times hereinafter mentioned owned and operated the vessel "LOVE AFFAIR," a 45-foot 1972 Hatteras Sport Fish dual-engine sport fishing vessel with federal document number "578475" (hereinafter the "Vessel").

11. On or about August 2, 2004, the Vessel accidentally became grounded off the coast of Delaware Seashore State Park near Indian River, Delaware.

12. Plaintiff's subrogor Dewey Lynch contacted Defendant and retained Defendant's services as a professional salvor for hire to free the Vessel from the ground and Defendant, in exchange for a fee, undertook to perform said services in a safe and professional manner.

13. Defendant failed to exercise reasonable care in the performance of its salvage services.

14. As a direct and proximate result of Defendant's careless, negligent, and/or reckless acts and/or omissions, and all without any negligence or fault on the part of Plaintiff or its subrogors, the Vessel sustained damages.

15.     As a result of the foregoing, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $11,743.84.

## SECOND CAUSE OF ACTION - BREACH OF CONTRACT

16.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "15" hereof with the same force and effect as if fully restated at length herein.

17.     On or about August 2, 2004, Plaintiff's subrogors, Dewey Lynch and Gold Coast Cruising, entered into a contract and agreement with Defendant to provide professional salvage services to free the Vessel from the ground and Defendant, in exchange for a fee, undertook to perform said services in a safe and professional manner.

18.     Although Plaintiff and/or its subrogors paid the Defendant the sum of $18,000.00 for the services performed by Defendant, Defendant breached its agreement with Plaintiff's subrogors by failing to perform said salvage services in a careful and professional manner, and by causing damage to the Vessel.

19.     As a result of the foregoing, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $11,743.84.

## THIRD CAUSE OF ACTION - BREACH OF WARRANTY

20.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "19" hereof with the same force and effect as if fully restated at length herein.

21. On or about August 2, 2004, Plaintiff's subrogors, Dewey Lynch and Gold Coast Cruising, entered into a contract and agreement with Defendant to provide professional salvage services to free the Vessel from the ground and Defendant, in exchange for a fee, undertook to perform said services in a safe and professional manner.

22. Plaintiff's subrogors entered into the contract and agreement with Defendant relying upon an implied warranty by Defendant that said services would be performed in a careful, skillful, and workmanlike manner.

23. Defendant failed to perform said services in a careful, skillful and workmanlike manner, as heretofore alleged, and thereby breached the warranty owed to Plaintiff's subrogors.

24. Plaintiff and its subrogors have duly performed all of the conditions of said contract on their part to be performed and, as a result of the breach of warranty on the part of Defendant, Plaintiff has been damaged in the manner alleged heretofore.

25. As a result of the foregoing, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $11,743.84.

**WHEREFORE**, Plaintiff demands that judgment be entered against Delmarva Towing & Salvage and in favor of Plaintiff in the amount of $11,743.84, together with such other and further relief this Court may deem just and proper, including interest and the costs and disbursements of this action.

Dated: April 12, 2005

PALMER BIEZUP & HENDERSON LLP

By: _____

Michael B. McCauley (ID 2416)
1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895
(302) 478-7625 (fax)

Attorneys for Plaintiff

*Of Counsel:*

Frank P. DeGiulio
William E. Ecenbarger, Jr.
Palmer Biezup & Henderson LLP
956 Public Ledger Building
620 Chestnut Street
Philadelphia, PA 19106-3409